UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CIVIL ACTION NO. 20-54-DLB

CHARLES P. SPRINKLES                                                                              PLAINTIFF

v.                             MEMORANDUM OPINION AND ORDER

GOVERNOR ANDREW G. BESHEAR                                                          DEFENDANT

*** *** *** ***

Charles P. Sprinkles is a resident of Lexington, Kentucky. Proceeding without an attorney, Sprinkles has filed a letter with the Clerk of the Court, which has been docketed as a complaint for administrative purposes. (Doc. # 1). Sprinkles has not paid the filing fee but has filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 3). The information contained in Sprinkles's fee Motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee, thus his Motion will be granted. Because Sprinkles is granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Sprinkles's pleading because he has been granted pauper status. 28 U.S.C. § 1915(e)(2). A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A district court must dismiss any claim that is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

1

The Court evaluates Sprinkles's pleading under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("[P]ro se parties must still brief the issues advanced 'with some effort at developed argumentation.'" (quoting *United States v. Reed*, 167 F. 3d 984, 993 (6th Cir. 1999)).

In his letter, Sprinkles states that, although he was "ready to be hired" as a full-time adjunct professor at two different colleges in the state of Kentucky, "due to the Governor of Kentucky" and his orders related to the COVID-19 pandemic, as well as the "shut down of the college system," he was advised that the colleges to which he had applied reported back to him that the positions would no longer be filled. (Doc. # 1). Sprinkles alleges that this violates his constitutional right "to pursue happiness." *Id.* He also alleges that his rights to freedom of speech are violated by the mandate that he wear a mask in public. *Id.*

Although docketed as a complaint for administrative purposes, the Court has reviewed Sprinkles's letter and concludes that it is insufficient to constitute a civil rights complaint. Sprinkles's letter fails to satisfy the general pleading standards of Federal Rule of Civil Procedure 8, which requires a pleading stating a claim for relief to contain:

2

>   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* FED. R. CIV. P. 8(a).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).  Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Sprinkles's letter meets none of the requirements of Rule 8(a).  Although the Clerk of the Court has identified the Governor of Kentucky as the Defendant for administrative purposes, Sprinkles's letter does not actually identify any defendants against whom he seeks to pursue his claims for relief.  Indeed, it is not entirely clear if he seeks to pursue a claim against the Governor of Kentucky or against the colleges that declined to hire him.  Also, it is not clear if the basis for his claim is the Governor's Executive Order related to masks, other unidentified Orders issued by the Governor related to the COVID-19 pandemic, or the decisions by the unidentified colleges to shut down due to the ongoing pandemic.  Nor does Sprinkles's letter make any demand for relief.  While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

3

Overall, Sprinkles's allegations are too threadbare to state a claim upon which relief may be granted. Because Sprinkles has not filed a proper civil complaint, he has failed to properly invoke this Court's jurisdiction. Thus, the Court will dismiss this action for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED** as follows:

(1)    Sprinkles's Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 3) is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;

(2)    Sprinkles's letter (Doc. # 1), docketed as a complaint for administrative purposes, is **DISMISSED WITHOUT PREJUDICE**;

(3)    Any pending request for relief is **DENIED AS MOOT**;

(4)    **JUDGMENT** shall be entered contemporaneously with this Order; and

(5)    This action is **STRICKEN** from the Court's docket.

This 21st day of July, 2020.

Signed By:
*David L. Bunning*   DB
United States District Judge